## SETTLEMENT AGREEMENT AND RELEASE

1. This Agreement covers all understandings between Plaintiff, HERBERT E. MATEO, (hereinafter referred to as "Plaintiff," a term which includes Plaintiff's successors, beneficiaries, personal representatives, and heirs) and Defendants, THE FALLS GAS STATION, INC., JESUS CABRERA and LUISA CABRERA (hereinafter collectively referred to as "Defendants," a term which includes each and every officer, director, employee, former employee, agent, shareholder, parent corporation or subsidiary, affiliate or division, their successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

   A. To settle any and all claims and actions of any nature whatsoever between Plaintiff and Defendants and release and forever discharge Defendants of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiff's alleged employment with Defendants, or related to the transactions or matters which are the subject matter of the lawsuit CASE NO.: 1:15-cv-22577, pending in the United States District Court for the Southern District of Florida, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Employee Retirement Income Security Act of 1974, the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Rehabilitation Act of 1973, the Fair Labor Standards Act, the Equal Pay Act of 1963, the Vietnam Era Veterans' Readjustment Assistance Act of 1974, the Florida Human Rights Act of 1992, Florida Stat. § 760 et seq., the Family and Medical Leave Act of 1993, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act, and the Florida Civil Rights Act. This is not a complete list, and Plaintiff waives and releases all similar rights and claims under all other federal, state and/or local anti-discrimination statutes, regulations, ordinances or provisions regulating the terms and conditions of employment, under the common law or in equity (including any claims for wrongful discharge, negligent or intentional infliction of emotional distress, fraud or any other unlawful behavior, the existence of which is denied by Defendants or otherwise), or under any policy, agreement, understanding or promise, written or oral, formal or informal, between Plaintiff and Defendants relating in any way to Plaintiff's employment or separation from employment with Defendants, or otherwise, and whether such claims are now known or unknown to Plaintiff, from the beginning of the world to the effective date of this Agreement. In consideration of this Agreement the Plaintiff waives any and all rights he may have under these laws as to events which have occurred prior to the date of this Agreement and acknowledges that: (a) Defendants have not discriminated against him, (b) breached any contract with

1



him, (c) committed any civil wrong (tort) against him, or (d) otherwise acted unlawfully toward him. However, this release does not compromise, waive, or prejudice any claims for unemployment compensation benefits consistent with Florida Statutes § 443.041(1), or any claims arising from work-place injuries, including but not limited to claims for worker's compensation benefits or worker's compensation relief consistent with Florida Statutes §440.21. However, Plaintiff acknowledges that he was not injured while working for Defendants.

B. To facilitate the dismissal of CASE NO.: 1:15-cv-22577, pending in the United States District Court for the Southern District of Florida.

C. To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff.

D. Not to disclose the terms of this Agreement to anyone except Plaintiff's attorneys, Plaintiff's tax advisors or as compelled by force of law. In the event Plaintiff is compelled by force of law to disclose the contents of this Agreement, Plaintiff agrees that notice of receipt of the judicial order or subpoena shall be immediately communicated to Defendants telephonically and confirmed immediately thereafter in writing so that Defendants will have the opportunity to assert what rights they may have in non-disclosure prior to any response to the order or subpoena. If Plaintiff violates the foregoing confidentiality provision or other terms of this Agreement, then he shall be required to return all sums paid to him under this Agreement and forfeit any future payments.

E. To agree that Plaintiff shall not contact any of Defendants' current or former employees to encourage or incite any such individuals to assert any complaints, claims, charges, or legal proceedings against Defendants.

3. For and in consideration for the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agree to pay consideration in the total sum of $6,000 as follows:

A. Within seven (7) days of Court approval of this Settlement Agreement, Defendants shall deliver to Plaintiff's Counsel a check in the sum of **$6,000** to be paid as follows:.

   (i) One payment of $3,900.00 made payable to Perlman, Bajandas, Yevoli & Albright, P.L. (Tax ID # 20-1161032) towards Plaintiff's costs and attorneys' fee. This payment to Plaintiff's counsel was separately negotiated from the payments to be made by Defendants to Plaintiff hereunder.

   (ii) $2,100.00, to Herbert Mateo– payable in two (2) separate checks in the following amounts:

       (a) $1,050.00, as W2 wages from which Defendants shall make normal deductions for withholdings (FICA, Medicare, taxes); and

       (b) $1,050.00, as 1099-MIS income for liquidated damages and interest for which Defendants shall make no deduction.

B. In exchange for the consideration above, Defendants release Plaintiff from any and all claims, charges, actions and causes of action of any kind or nature that Defendants once had or now have, whether arising out of Plaintiff's employment or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the date of these presents, except for any defenses to those claims excepted from the release being provided by Plaintiff in Paragraph 2A above.

C. The Parties acknowledge that maintaining each other's good reputation in the community is of paramount importance. Accordingly, the Parties agree that they will not disparage or encourage or induce others to disparage the other by any type of communication, whether verbally, in writing, through gesture or other non-verbal means, social media, or otherwise. No party will act in bad faith to induce, encourage or instruct others to disparage the other by any type of communication, whether verbally, in writing, through gesture or other non-verbal means, including social media, or otherwise. If any party is contacted by any third party regarding Case No. 1:15-cv-22577 or arising from Plaintiff's employment with or resignation and/or termination of employment from Defendant, that party's sole response must be that the matter was resolved and the Parties agree to say nothing more. In the event Defendants are contacted regarding Plaintiff's employment with Defendants, Defendants shall provide dates of employment and positions held only. No disparaging remarks shall be made about Plaintiff or vice-versa. The Parties agree that failure to abide by this provision shall entitle the aggrieved party (or parties) to seek damages from the court.

D. The Parties warrant that they have not and will not disclose, communicate, disseminate and/or publicize, or cause or permit to be disclosed, communicated, disseminated or publicized the existence of or terms and conditions of this Agreement or its underlying facts, directly or indirectly, specifically or generally, to any person, business, organization, corporation, association, governmental agency, except as follows: (1) to the extent necessary to report income to appropriate taxing authorities; (2) to their respective attorneys, accountants or significant others; (3) in response to requirements of law or a subpoena issued by a state or federal court or governmental agency, provided, however, that notice of receipt of such judicial order or subpoena immediately shall be communicated to counsel for opposing party telephonically.

Plaintiff further agrees that he will not at any time divulge to any other entity or person any confidential information acquired by him concerning Defendants. This includes Defendants' affiliates', directors', officers', employees' or agents'

3

financial affairs or business processes or methods or their research, development or marketing programs or plans, emails, text messages, written correspondence any other of its or their trade secrets, any information regarding personal matters of any co-employees, directors, officers, employees or agents of Defendants or their respective family members, any information concerning this Agreement or the terms thereof or any information concerning the circumstances of their employment with, resignation and/or termination from Defendants or any information regarding discussions related to any of the foregoing or make, write, publish, produce or in any way participate in placing into the public domain any statement, opinion or information with respect to any of the foregoing or which reflects adversely upon or would reasonably impair the reputation or best interests of Defendants or any of their directors, officers, employees or agents or their respective family members, except in each case information which is required to be disclosed by court order, subpoena or other judicial process. The foregoing prohibitions shall include, without limitation, directly or indirectly publishing (or causing, participating in, assisting or providing any statement, opinion or information in connection with the publication of) any diary, memoir, text messages, email messages, letter, story, photography, interview, article, essay, account or description or account on social media (whether fictionalized or not) concerning any of the foregoing, publication being deemed to include any presentation or reproduction or movie, or television or radio programming or commercial.

Plaintiff agrees that Defendants will be entitled, in addition to any other right and remedy they may have at law or in equity related to breaches of this Agreement, including, without limitation, disgorgement and/or an injunction, without posting of any bond or other security, enjoining or restraining him from any violation or threatened violation thereof.

The Parties both covenant that they will maintain in strict confidence the existence and terms of this Settlement Agreement and Release, and after the date of this Settlement Agreement and Release will not disclose the existence of or provisions contained in this Settlement Agreement and Release to persons other than to spouses, significant others, attorneys, tax advisors, or governmental authority that may require disclosure of same. The Parties agree and understand that their covenant to maintain this Settlement Agreement and Release in strict confidence prohibits them from discussing it with anyone, including but not limited to any current or former employees of Defendants and/or future/potential employers of Plaintiff.

Further, the Parties agree not to disclose the terms of this Settlement Agreement and Release to the Blue Sheets or any other service or entity that reports or publishes data regarding the resolution of lawsuits. The Parties understand that this confidentiality provision is a material term of this Settlement Agreement and Release and that $100 of the consideration paid is specifically designated as consideration for same. If Plaintiff chooses to disclose the contents or existence of

this Settlement Agreement and Release to his tax advisors, spouse or significant other, or attorneys, then he shall disclose the confidentiality provisions of this Settlement Agreement and Release to that person and advise such person that the terms hereof are binding upon such other person and shall have the same effect as if such person had actually signed said Settlement Agreement and Release.

4. The parties agree and acknowledge that this Agreement shall be read into the record in this form in CASE NO.: 1:15-cv-22577 for approval consistent with Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).

5. In the event that Plaintiff or Defendants commence an action to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

6. Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other. Plaintiff has informed himself of the terms, contents, conditions and effects of this Settlement Agreement and Release or has had the terms hereof sufficiently explained to him by his own attorney. Plaintiff further acknowledges that: (1) he has been advised to consult with an attorney prior to executing this Settlement Agreement and Release; (2) he has received no opinion or advice from Defendants or Defendants' attorney with respect to the advisability of accepting or rejecting this settlement offer; (3) he is over the age of eighteen (18) years, of sound mind and otherwise competent to execute this Settlement Agreement and Release; and (4) he is entering into this Settlement Agreement and Release knowingly and voluntarily and without any undue influence or pressures.

7. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in the Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and an authorized representative of Defendants.

8. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

9. The law governing this Agreement shall be that of the United States of America and the State of Florida.

DATE: 9/3/15           Signature: _____
                                  HERBERT E. MATEO


DATE: _____          Signature: _____
                                  JESUS CABRERA, Individually


DATE: _____          Signature: _____
                                  LUISA CABRERA, Individually


DATE: _____          Signature: _____
                                  JESUS CABRERA, President
                                  THE FALLS GAS STATION, INC.


DATE: _____          Signature: _____
                                  LUISA CABRERA, Director
                                  THE FALLS GAS STATION, INC.

DATE:_____   Signature:_____
                            HERBERT E. MATEO

DATE: 9/2/15   Signature: _____
                            JESUS CABRERA, Individually

DATE: 9/2/15   Signature: _____
                            LUISA CABRERA, Individually

DATE: 9/2/15   Signature: _____
                            JESUS CABRERA, President
                            THE FALLS GAS STATION, INC.

DATE: 9/2/15   Signature: _____
                            LUISA CABRERA, Director
                            THE FALLS GAS STATION, INC.

6